UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHELL OFFSHORE INC.** | **CIVIL ACTION NO. _____** |
| **VERSUS** | **DIVISION "\_\_\_"** |
| **TESLA OFFSHORE, L.L.C.; INTERNATIONAL OFFSHORE SERVICES, L.L.C.; INTERNATIONAL BOAT RENTALS, INC.; INTERNATIONAL MARINE, L.L.C.** | **SECTION "\_\_\_"** |
| | **JURY TRIAL** |

**COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff Shell Offshore Inc. who pleads claims against Defendants Tesla Offshore, LLC; International Offshore Services, L.L.C.; International Boat Rentals, Inc.; and International Marine, L.L.C. as follows:

1.

At all material times, Plaintiff Shell Offshore Inc. ("Shell") was a corporation duly qualified to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court.

2.

Named as Defendants herein are:

- a. Tesla Offshore, LLC ("Tesla"), a limited liability company authorized to do and doing business in the State of Louisiana and subject to the personal jurisdiction of this Honorable Court;

- b. International Offshore Services, LLC ("International Offshore") a limited liability company authorized to do and doing business in the State of Louisiana and subject to the personal jurisdiction of this Honorable Court;

  c. International Boat Rentals, Inc. ("International Boat"), a corporation authorized to do and doing business in the State of Louisiana and subject to the personal jurisdiction of this Honorable Court; and

  d. International Marine, L.L.C. ("International Marine"), a limited liability company authorized to do and doing business in the State of Louisiana and subject to the personal jurisdiction of this Honorable Court.

3.

This Court has subject matter jurisdiction over this lawsuit pursuant to its admiralty and maritime jurisdiction, 28 U.S.C. § 1333, and under its jurisdiction over federal questions given that Shell's claims arise under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331.

4.

In November 2012, Shell was a mineral lessee of Mississippi Canyon Block 391 and was using Transocean's Deepwater Nautilus Drilling Rig ("Nautilus") to conduct drilling operations in that location. The drilling operations for Shell took place on navigable waters within this judicial district and within the jurisdiction of this Honorable Court.

5.

While in Mississippi Canyon Block 391, the Nautilus was secured in place by twelve mooring lines.

6.

On November 2, 2012, Tesla was conducting a deepwater bottom survey in Mississippi Canyon Block 391 using the M/V INTERNATIONAL THUNDER (U.S.C.G. No. 635631), a vessel owned and operated by International Offshore, International Boat, and/or International Marine.

7.

The INTERNATIONAL THUNDER was working under the terms of a Blanket Time Charter Agreement dated April 18, 2005, between Tesla and International Boat.

8.

On November 2, 2012, a tow line connecting the INTERNATIONAL THUNDER to a sonar tow fish struck and damaged one of the mooring lines that held the Nautilus in place.

9.

The damaged mooring line was owned by Shell.

10.

The damaged mooring line lost all tension, causing the Nautilus' drilling operations to be suspended and the well to be temporarily abandoned in order to ensure the safety of personnel and equipment.  Drilling did not resume until November 14, 2012, once the damaged mooring line had been replaced.

11.

Shell avers that the aforementioned accident and all resulting damages were caused in whole or in part by the negligence of Tesla, International Offshore, International Boat, and/or International Marine in the following respects, among others, which will be shown at the trial of this action:

    a.    Failure to properly plan for their survey work;

    b.    Failure to find or properly use the mooring pattern for the drilling rig;

    c.    Failure to properly utilize navigational equipment;

    d.    Failure to provide a seaworthy vessel;

e.   Failure to provide a competent and/or adequate crew;

f.   Failure to properly navigate;

g.   Failure to operate the INTERNATIONAL THUNDER, its equipment, and the tow fish with reasonable care; and

h.   Any other acts or omissions proven at trial constituting negligence on behalf of the defendants.

12.

Shell's damages resulting from the incident are in excess of TEN MILLION DOLLARS ($10,000,000), which include costs of replacing the mooring line and downtime of the Nautilus. Economic issues resulting from the delay in drilling are still being analyzed.

13.

Accordingly, Shell demands damages from Defendants Tesla, International Offshore, International Boat, and International Marine for recovery of all losses and damages sustained as a result of the damage to the mooring line, plus all interest, costs and all other legal and/or equitable relief to which Plaintiff is entitled at law.

14.

Shell requests a trial by jury.

WHEREFORE, Plaintiff Shell Offshore Inc. hereby prays that Defendants Tesla Offshore, LLC; International Offshore Services, LLC; International Boat Rentals, Inc.; and International Marine, L.L.C. be required to appear and answer these matters, and that after due proceedings are had, that Shell Offshore Inc. have judgment in its favor and against Defendants for recovery of all losses and damages as a result of the incident, plus all interest, costs and all other legal and/or equitable relief to which Plaintiff is entitled.

-5-

Respectfully submitted,

/s/ Joseph I. Giarrusso III
R. Keith Jarrett, T.A. (Bar #16984)
Joseph I. Giarrusso III (Bar #27476)
LISKOW & LEWIS
One Shell Square
701 Poydras St., Suite 5000
New Orleans, Louisiana 70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4018

and

Eric D. Wade (*pro hac* admission pending)
Porter & Hedges
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile:  (713) 228-1331


Attorneys for Shell Offshore Inc.

**Defendants To Be Served
In Accordance with F.R.C.P. 4**