UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHELL OFFSHORE, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6278** |
| **TESLA OFFSHORE, L.L.C., ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion[1] *in limine* filed by plaintiff, Shell Offshore Inc. ("Shell"), to exclude certain testimony of Chi-Tat Thomas Kwan ("Kwan"), an opposing expert witness. All defendants have filed oppositions.[2] For the following reasons, the motion is **DENIED**.

## BACKGROUND

The factual background is set forth at greater length in a prior order and reasons.[3] Briefly, this matter arises out of an alleged allision between a mooring line holding in place the DEEPWATER NAUTILUS, a drilling rig owned by Shell, and a sonar "fish" being towed by the M/V INTERNATIONAL THUNDER, a vessel owned and operated by International Offshore Services, L.L.C. and International Marine, LLC (collectively, "International"), and chartered to Tesla Offshore LLC ("Tesla"), for the purpose of conducting an underwater archaeological survey of the seafloor. In the aftermath of the alleged allision, Shell asserts that it incurred 199.5 hours of rig downtime for repair and inspection, which it pursues as damages in this lawsuit. The reasonableness of that downtime is one of many disputed issues.

---

[1] R. Doc. No. 179.
[2] R. Doc. Nos. 185, 193, 194.
[3] R. Doc. No. 168.

1

To opine regarding whether the length of that downtime was reasonable, Tesla retained Mr. Kwan as an expert witness.[4] He opines that the length of Shell's downtime "is not justified" and that if "the most appropriate procedure" for repair and inspection had been followed, the downtime would only have lasted half a day to a day.[5] Shell moves to exclude this portion of Mr. Kwan's testimony as irrelevant.

## DISCUSSION

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Relevant evidence is admissible" unless otherwise provided by the U.S. Constitution, a federal statute, another Federal Rule of Evidence, or "other rules prescribed by the Supreme Court." Fed. R. Evid. 402. "[T]he standard of relevance in an evidentiary context is not a steep or difficult one to satisfy." *Pub. Emps. Retirement Sys. of Miss. v. Amedisys, Inc.*, 769 F.3d 313, 321 (5th Cir. 2014).

According to Shell, the pertinent legal issue is whether its post-accident conduct was unreasonable, and Mr. Kwan does not specifically opine that Shell's post-accident conduct was "unreasonable."[6] Shell argues that Mr. Kwan opines regarding what he contends is the "most appropriate" post-accident response,[7] but that the existence of a "most appropriate" response says nothing about the comparative reasonableness of other responses, such as Shell's.[8] Therefore, Shell contends that Mr. Kwan's opinion should be excluded as irrelevant because his testimony will be

---

[4]R. Doc. No. 179-4, at 1.
[5]R. Doc. No. 179-4, at 2.
[6]R. Doc. No. 179-1, at 3-4.
[7]R. Doc. No. 179-4, at 2.
[8]R. Doc. No. 179-1, at 5.

"insufficient to prove" that Shell acted unreasonably when responding to the incident.[9]

Tesla responds that Mr. Kwan's testimony is plainly relevant to whether Shell can recover damages for the entire length of downtime.[10] International likewise responds that the opinion testimony bears "directly on the reasonableness of Shell's conduct and will assist the jury in determining whether Shell failed to mitigate its damages by taking a course of action [that] resulted in excessive downtime."[11]

Shell's motion erroneously conflates the relevance of Mr. Kwan's testimony with its sufficiency. "[I]t is universally recognized that evidence, to be relevant to an inquiry, need not conclusively prove the ultimate fact in issue, but only have any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *New Jersey v. T.L.O.*, 469 U.S. 325, 345 (1985); *see also United States v. Madera*, 574 F.2d 1320, 1322 (5th Cir. 1978) ("Evidence need not be conclusive of a material issue in order to be admitted.").

---

[9]R. Doc. No. 179-1, at 5.

[10]R. Doc. No. 185, at 2-3.  It appears from the briefs that Shell and Tesla dispute whether the reasonableness of the length of the downtime is Tesla's burden to prove as an unreasonable failure by Shell to mitigate damages, *see* R. Doc. No. 179-1, at 3-4, or whether it is Shell's burden in the first instance to prove that the entire length of the downtime was caused by the incident, *see* R. Doc. No. 185, at 4. This dispute is beyond the scope of this order and reasons because Mr. Kwan's testimony is relevant regardless of who has the burden of proof on this issue. Nonetheless, the Court notes that the law in the Fifth Circuit seems clear that "[t]he burden rests with the wrongdoer to show that the victim of tortious conduct failed to mitigate damages" and that "[t]he tortfeasor must demonstrate (1) that the injured party's conduct was unreasonable and (2) that the unreasonable conduct had the consequence of aggravating the harm." *Marathon Pipe Line Co. v. M/V Sea Level II*, 806 F.2d 585, 592 (5th Cir. 1986) (citing *Tenn. Valley Sand & Gravel Co. v. M/V Delta*, 598 F.2d 930, 933 (5th Cir. 1979)); *see also Nat'l Liab. & Fire Ins. Co. v. R&R Marine, Inc.*, 756 F.3d 825, 832 (5th Cir. 2014) (same).

[11]R. Doc. No. 194, at 8. Defendant, Sea Eagle, adopted Tesla's opposition. R. Doc. No. 193, at 1.

Mr. Kwan's opinion is self-evidently probative of a disputed fact: the reasonableness of the length of Shell's post-accident downtime. He opines that Shell's post-accident response was "not justified," and that the most appropriate procedure should have resulted in only twelve to forty-eight hours of downtime instead of almost two hundred hours.[12] This opinion has a tendency to make Shell's post-accident response seem less reasonable, regardless of whether it would independently suffice to support any particular finding by the trier of fact. Absent some other unargued basis for exclusion, the testimony is relevant, admissible, and subject to cross-examination at trial. Accordingly,

**IT IS ORDERED** that Shell's motion is **DENIED**.

New Orleans, Louisiana, May 7, 2015.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[12] R. Doc. No. 179-4, at 2.