UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHELL OFFSHORE, INC.                                                   CIVIL ACTION

VERSUS                                                                 NO. 13-6278

TESLA OFFSHORE, L.L.C., ET AL.                                         SECTION I

ORDER AND REASONS

Before the Court is a motion[1] filed by plaintiff, Shell Offshore Inc. ("Shell"), to quash a trial subpoena served on its employee, Roy Nugent ("Nugent"). Oppositions have been filed by Tesla[2] and International.[3] For the following reasons, the motion to quash is denied

There is no dispute that Nugent was properly served with a trial subpoena.[4] "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). As the Fifth Circuit has explained:

> Whether a subpoena subjects a witness to undue burden generally raises a question of the subpoena's reasonableness, which requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it. This balance of the subpoena's benefits and burdens calls upon the court to consider whether the information is necessary and unavailable from any other source.

*Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 377 (5th Cir. 2004) (alterations, citations, and internal quotation marks omitted) *abrogated on other grounds by Reed Elsevier, Inc.*

---

[1] R. Doc. No. 232.
[2] R. Doc. No. 234.
[3] R. Doc. No. 242.
[4] R. Doc. No. 231. The Court has ordered that "all subpoenas previously served remain in effect." R. Doc. No. 230, at 1.

1

*v. Muchnick*, 559 U.S. 154 (2010). The burden of proof is on the party moving to quash the subpoena. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

In support of quashing the subpoena, Shell contends that Nugent's testimony would be both minimally relevant and redundant of the testimony of other witnesses.[5] Shell also contends that Nugent's testimony can be presented through his deposition, which is "almost 300 pages," of which "Tesla has already designated 168 pages" for use at trial.[6] With respect to the purported burden of having Nugent testify at trial, Shell submits an affidavit from David Loeb, Shell's Operations Manager for Floating Deepwater Operations stating that "[t]he round-trip cost to fly Mr. Nugent by helicopter from the rig to New Orleans would cost approximately $20,000. Plus, Shell would need to identify a suitable replacement to put aboard the Bully 1."[7]

The Court is not persuaded that the subpoena subjects any person to "undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). First, the parties agree that Nugent is the only Shell or Transocean witness who was on board the NAUTILUS at the time of the incident who can be subpoenaed to testify live at trial. The Court is not persuaded that a witness in Nugent's position, whose deposition transcript is almost 300 pages, has negligible additional relevant testimony to offer at trial. Furthermore, although his testimony certainly *could* be presented to the jury through his deposition, testimony from a live witness is preferable. *See In re Vioxx Prods. Liab. Litig.*, 438 F. Supp. 2d 664, 668 (E.D. La. 2006) ("As an alternative to live trial testimony, the Court, the parties, and, most importantly, the jury is left with the deposition–a 'second best.'") (citation omitted).[8]

---

[5]R. Doc. No. 232-2, at 2-4.
[6]R. Doc. No. 232-2, at 4.
[7]R. Doc. No. 232-3, at 2.
[8]The copy of Nugent's transcript submitted to the Court reflects that Nugent was deposed on September 9, 2014, and it does not reflect (nor does Shell suggest) that the deposition was taken

Second, Shell has not carried its burden to show that an expenditure of $20,000.00 to produce Nugent at trial is a "substantial expense and undue hardship" in the specific circumstances of this case.[9] The February 16, 2016 trial date in this matter was set on July 8, 2015[10] and Shell has had ample notice and time to take steps to reduce or obviate any burden to produce Nugent at trial. Furthermore, considering that Shell demands $9,200,000.00 in damages from defendants, the Court is not persuaded that $20,000.00 to produce its own employee as a witness is an *undue* burden. Accordingly,

**IT IS ORDERED** that the motion to quash is **DENIED**.

New Orleans, Louisiana, January 21, 2016.

                                                                       _____
                                                                       **LANCE M. AFRICK**
                                                                       **UNITED STATES DISTRICT JUDGE**

---

specifically to preserve Nugent's testimony for trial. The vintage of the deposition, as well as the fact that no party contemplated at the time that Nugent's deposition would be introduced at trial, weigh against finding the deposition to be an adequate substitute for live testimony at trial.

[9] The Court's holding is limited to the facts of this matter. Certainly in many if not most other cases, $20,000.00 would be a disproportionate and undue burden for producing a witness whose testimony could be presented through deposition.

[10] R. Doc. No. 221.