UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SHELL OFFSHORE, INC.**                                                                      **CIVIL ACTION**

**VERSUS**                                                                                                **NO. 13-6278**

**TESLA OFFSHORE, L.L.C., ET AL.**                                                         **SECTION I**

## ORDER AND REASONS

The Court has pending before it a motion[1] filed by defendant, Tesla Offshore L.L.C. ("Tesla"), for approval of a supersedeas bond and for a stay of execution of judgment pending appeal.[2] Plaintiff, Shell Offshore, Inc. ("Shell"), filed an opposition[3] and Tesla filed a reply.[4]

The background of the above-captioned matter has been related at length in the Court's prior orders and reasons. For the purposes of the present motion, it is enough to note that a jury returned a verdict in Shell's favor in the amount of $9,041,552, allocating 75% fault to Tesla and 25% fault to co-defendants, International Marine, LLC and International Offshore Services, LLC (collectively, "International").[5] The Court entered a judgment in the amount of $9,041,552 "together with prejudgment interest to run from the date of the incident, November 2, 2012, as well as post-judgment interest" and costs.[6] The judgment further directs that "Tesla's and International's liability shall be joint and several with respect to the full amount of this judgment plus interest and costs."[7]

---

[1] R. Doc. No. 303.
[2] Tesla's motion also requests a stay of execution pending disposition of post-trial motions. R. Doc. No. 303-1, at 1-2. That portion of Tesla's motion is moot because the Court has denied Tesla's post-trial motion. R. Doc. No. 325.
[3] R. Doc. No. 304.
[4] R. Doc. No. 313.
[5] R. Doc. No. 295-4.
[6] R. Doc. No. 298, at 1-2.
[7] R. Doc. No. 298, at 2.

To obtain a stay of execution pending appeal, Tesla now requests that the Court approve a supersedeas bond in the amount of $8,300,000.00, which it contends is "slightly more than the value of the judgment against Tesla plus 20%."[8] Shell opposes the motion because the amount of the bond offered by Tesla "is insufficient to cover the full amount of Shell's judgment against it."[9]

Rule 62(d) of the Federal Rules of Civil Procedure states that "[i]f any appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the Court approves the bond."[10] Pursuant to this Court's Local Rule 62.2, "[a] supersedeas bond staying execution of a money judgment must be in the amount of the judgment plus 20% of that amount to cover interest, costs and any damages award, unless the court directs otherwise."

As Shell correctly points out, Tesla's proposed supersedeas bond is not "in the amount of the judgment plus 20% of that amount" as required by Local Rule 62.2.[11] Rather, Tesla has offered approximately 75% of the amount of the judgment. Although the jury determined that Tesla was only 75% at fault, the judgment for the full amount of the verdict in Shell's favor is entered jointly and severally against Tesla and International. Although Tesla contends that requiring it to post a bond in the amount of the entire judgment is unfair,[12] it is well settled that Shell would be entitled

---

[8] R. Doc. No. 303-1, at 1.
[9] R. Doc. No. 304, at 1.
[10] The Court notes that Tesla's proposed bond appears to be premature. Tesla has not yet filed a notice of appeal, but Rule 62(d) states that a supersedeas bond "may be given *upon* or *after* filing of the notice of appeal." Fed. R. Civ. P. 62(d) (emphasis added); *see also EEOC v. Clear Lake Dodge*, 60 F.3d 1146, 1155 & n.10 (5th Cir. 1995) (noting that defendant had filed "incomplete, insufficient supersedeas bond" in part because counsel "filed the supersedeas bond prior to appealing the judgment of the district court"). Nonetheless, because that technical deficiency could be easily cured, the Court finds it efficient to address the sufficiency of Tesla's proposed supersedeas bond if it were to be filed timely.
[11] R. Doc. No. 304, at 1.
[12] R. Doc. No. 313, at 3.

to collect the entire judgment from Tesla if International is unable to contribute because "[w]hen the limitations on the plaintiff's recovery arise from outside forces, joint and several liability makes the other defendants, rather than an innocent plaintiff, responsible for the shortfall." *McDermott v. AmClyde*, 511 U.S. 202, 221 (1994).[13]

Having reviewed Tesla's arguments, the Court is not persuaded that a departure from the default rule established by Local Rule 62.2 is warranted under these circumstances. Accordingly, in order to obtain a stay pending appeal, a supersedeas bond must be posted by someone "in the amount of the judgment plus 20% of that amount," and Tesla's proposed bond does not satisfy that requirement. The Court agrees, however, that Tesla should have "an opportunity to remedy this by filing a bond in the amount of $10,849,862.00, or 120% of the full judgment."[14] In principle, a satisfactory bond in that amount filed "upon or after filing a notice of appeal" would satisfy Rule 62(d) and Local Rule 62.2. Accordingly, the Court's denial of Tesla's instant motion is without prejudice to the timely filing of such a bond.

**IT IS ORDERED** that the motion to approve supersedeas bond is **DENIED WITHOUT PREJUDICE** to the potential approval of a supersedeas bond consistent with this order and reasons to be filed "upon or after filing a notice of appeal."

New Orleans, Louisiana, April 27, 2016.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[13] The record reflects that International is in fact unable to contribute because it "sold all of its vessels and operational assets in September 2013" and "thus has no assets to satisfy a judgment or even to provide security in connection with an appeal." R. Doc. No. 304-1, at 1.

[14] R. Doc. No. 313, at 4.