UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHELL OFFSHORE, INC.** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6278** |
| **TESLA OFFSHORE, LLC ET AL.** | **SECTION I** |

## ORDER

A party does not have an entitlement to a contribution remedy until it pays more than its fair share to satisfy the judgment. *See* 1 Thomas J. Schoenbaum, *Admiralty & Maritime Law* § 5-19 (5th ed. 2016). Therefore, the judgment in this case did not memorialize that any of the defendants had an entitlement to contribution. No defendant did when judgment was entered.

That all changed while this case was pending on appeal. There, defendant Tesla Offshore ("Tesla") paid more than its fair share of the judgment to obtain a full release of plaintiff Shell Offshore's claims. Because that post-judgment payment gives Tesla the right to obtain contribution from its co-defendants, this Court (1) grants the motion[1] to reopen the judgment, (2) grants summary judgment on the contribution claim, and (3) issues an amended judgment.

### I.

This case arises out of a maritime accident. Tesla hired International Offshore Services and International Marine, LLC (collectively "International") to conduct an

---

[1] R. Doc. No. 361.

offshore survey. Part of the terrain to be surveyed lay near an offshore drilling rig leased by Shell. During the survey, the towline dragging the sonar towfish behind International's vessel struck a mooring line on the offshore rig. As a result, drilling ceased for almost two weeks while the damaged mooring line was replaced.

Litigation ensued. The jury found both Tesla's and International's negligence to be a proximate cause of the accident and attributed 75% of the fault to Tesla and 25% of the fault to International. The jury further found that Shell was entitled to $ 9,041,552 in damages. So under the "well-established" rule of joint and several liability in maritime law, *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 220 (1994), this Court entered a final judgment making Tesla and International jointly and severally liable to Shell for the full amount of the judgment, *see Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256, 271 n.30 (1979) ("[T]he plaintiff may recover from *one* of the colliding vessels the damage concurrently caused by the negligence of both.").

Notices of appeal followed. Tesla posted a bond to stay execution of the judgment. International took a different tack. Instead of posting an appeal bond, International reached a side deal with Shell. Under that deal, International paid Shell $244,918.99 in partial satisfaction of the judgment. The payment was "without prejudice" to International's ability to challenge any part of the judgment on appeal. R. Doc. No. 364-1, at 15. Shell agreed to delay either (1) pursuing a judgment debtor examination against International or (2) pursing a subrogation claim against International's underwriters. R. Doc. No. 364-1, at 15. Shell also agreed to first try

to execute the judgment against Tesla's bond rather than International or its underwriters. R. Doc. No. 364-1, at 15.

With the issue of security settled, the parties went on their way to the Fifth Circuit. Tesla and Shell reached an agreement to satisfy the judgment while the parties were briefing the appeal. Tesla agreed to pay $8,527,000 in new money to Shell. In exchange for Tesla's new money and the $244,918.99 that Shell had already received from International, Shell agreed to release the judgment.[2] Shell also assigned Tesla all of Shell's possible claims against International and International's underwriters. *See* R. Doc. No. 361-2 (settlement agreement).

The net-net of that settlement was that Tesla had paid more than its 75% share of the judgment. But in return Tesla received more than just a release of Shell's claims. Instead, Tesla is now purportedly armed with any claims that Shell had against International or International's insurers.

Tesla and International disagreed about the implications of the settlement on the pending appeal. As a result, the Fifth Circuit remanded the matter back to this Court for consideration of Tesla's claims against International. R. Doc. No. 360. Tesla now moves for this Court to reopen the judgment and grant summary judgment on its contribution claim.

## II.

---

[2] Because the International payment was contingent on the appeal being affirmed, R. Doc. No. 361-2, at 2, Tesla agreed to reimburse Shell for any repayments that Shell had to pay to International, R. Doc. No. 361-2, at 8.

The first step in evaluating Tesla's motion is to determine whether this Court may reopen its previously final judgment. Tesla moves for relief from judgment under Federal Rule of Civil Procedure 60.

Rule 60(b)(5) permits relief from a judgment when "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." The "[u]se of the disjunctive 'or'" in Rule 60(b)(5) "makes it clear that each of the provision's three grounds for relief is independently sufficient and therefore that relief may be warranted." *Horne v. Flores*, 557 U.S. 433, 454 (2009).

Primarily relevant here is the little-used first clause of Rule 60(b)(5).[3] That clause allows reopening a judgment when "the judgment has been satisfied, released or discharged." Unsurprisingly then, Rule 60(b)(5) motions can be "used by a judgment-debtor to relieve itself of an already-final judgment that has been satisfied, released, or discharged." *Bryan v. Erie Cnty. Office of Children & Youth*, 752 F.3d

---

[3] Tesla's original motion indicates that it is filed under Federal Rule of Civil Procedure 60(b)(6). However, Tesla has since clarified that it is asking for relief under Rule 60(b)(5) as well. R. Doc. No. 369. And, in any case, this Court has the discretion to consider a Rule 60(b)(6) motion under Rule 60(b)(5). *See Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002) (holding that it was not an abuse of discretion for a district court to construe a Rule 60(b)(5) motion as a Rule 60(b)(6) motion); *see also Sunderland v. City of Phila.*, 575 F.2d 1089, 1090 (3d Cir. 1978) ("But the only reason he suggests for not granting the defendants relief under Rule 60(b)(5) is that they failed to specify that rule in their post-judgment motion. Since a Rule 60(b)(5) motion is not subject to a specific time limitation, such a motion could be made even now. There is no reason, therefore, why we should not treat the inartful motion which was filed as a motion under that rule.").

316, 321 (3d Cir. 2014). A Rule 60(b)(5) motion must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Shell acknowledged payment and satisfaction of the judgment after settling with Tesla. R. Doc No. 354. Thus, the first requirement for obtaining relief under Rule 60(b)(5) is met: the judgment in this case was satisfied.

The remaining question, then, is whether Tesla filed its motion within a reasonable time. Shell acknowledged satisfaction of the judgment on December 28, 2016. Tesla moved on February 14, 2017—the deadline set by this Court's post-remand briefing schedule—to reopen the judgment. R. Doc. No. 361. Thus, Tesla's filing was made within a reasonable time. The Court will not engage in the judicial equivalent of a bait-and-switch by setting a briefing schedule and then punishing a party for complying with it.

The prerequisites for obtaining relief under Rule 60(b)(5) are met. The Court turns to the question of whether Tesla may assert a contribution claim.

### III.

Maritime law makes joint tortfeasors jointly and severally liable to the plaintiff. *See AmClyde*, 511 U.S. at 220. The tortfeasors' respective liability for the amount of the judgment between each other, however, is set by the law of proportionate fault. *See United States v. Reliable Transfer Co.*, 421 U.S. 397 (1975).

In order to reconcile the two regimes and lessen the chance that a single defendant has to pay more than its respective share of the judgment, maritime law also recognizes rights of contribution between joint tortfeasors. Rights of contribution

allow a defendant that pays more than its respective portion of the judgment to discharge a judgment to "collect from others responsible for the same tort." *Combo Maritime, Inc. v. U.S. United Bulk Terminal, LLC*, 615 F.3d 599, 602 (5th Cir. 2010) (internal quotation marks omitted).

Rights of contribution do not give rise to a universal right of recovery, particularly where there are settling parties. As a general rule, a settling defendant has neither a contribution claim, *see AmClyde*, 511 U.S. at 209; *Murphy v. Fla. Keys Elec. Co-op. Ass'n, Inc.*, 329 F.3d 1311, 1313 (11th Cir. 2003), nor contribution liability, *see Boca Grande Club, Inc. v. Fla. Power & Light Co.*, 511 U.S. 222 (1994). However, *Combo Maritime* recognized one limited exception to that rule: a settling tortfeasor has a contribution claim under maritime law when it "obtains, as part of its settlement agreement with the plaintiff, a full release for all parties." 615 F.3d at 603. Such a claim only exits when the settling tortfeasor "(1) paid more than [it] owes to the plaintiff," and (2) . . . .discharged the plaintiff's entire claim." *Id.*

The parties dispute the applicability of the *Combo Maritime* exception to this matter. Tesla argues that the exception applies because Tesla contributed more than its 75% percent share of the judgment and obtained a release of the judgment from Shell. International counters that Tesla waived its right to contribution by not having it memorialized in the original judgment. International further suggests that *Combo Maritime* is inapplicable because International's payment in lieu of the appeal bond also contributed to the settlement and therefore International is a settling party with no contribution liability.

### A.

The Court first addresses waiver. International argues that Tesla should have had its right to contribution memorialized in the judgement. And because Tesla did not take that step at the time judgment was entered, International suggests that Tesla waived any claim to contribution. The Court disagrees.

Tesla had not paid more than its fair share to obtain a release of the judgment at the time the judgment was entered. Thus, Tesla did not have a contribution claim. *See* Schoenbaum, *supra*, § 5-19. So International's claim of waiver is really a suggestion that Tesla should have moved for the inclusion of a hypothetical future contribution claim against International in the judgment.

But there is no justification for including such a throwaway line—*e.g.*, "Tesla may or may not have a right to some amount of contribution from International at some point in the future"—in the judgment. The line would either be (1) meaningless and serve no real function, or (2) if it did mean something, it would be little more than an impermissible advisory opinion on a hypothetical claim.

Accordingly, the Court rejects the waiver argument. Tesla was not obligated to have this Court render judgment on a wholly hypothetical claim based on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Camsoft Data Sys., Inc. v. So. Elecs. Supply, Inc.*, 756 F.3d 327, 336 (5th Cir. 2014) (internal quotation marks omitted).[4]

---

[4] In the alternative, reopening the judgment under Rule 60(b)(5) renders International's claim of waiver moot.

B.

International argues that its prior payment of the judgment to Shell in lieu of posting an appeal bond constituted a settlement of Shell's claims against International. Accordingly, International suggests that it is a settling defendant and therefore immune to a contribution claim. *See, e.g.*, *Boca Grande Club, Inc.*, 511 U.S. at 222. The Court again disagrees.

International's "settlement" is not actually a settlement. To be sure, it may very well have decreased the practical odds that Shell would ever collect any additional damages from International. But it neither mooted any of Shell's claims nor eliminated any of International's ultimate legal responsibility for the judgment. Thus, it cannot be the sort of deal that immunizes a tortfeasor from contribution liability.

In addition, determining that International's partial payment (which was made without prejudice to its pending appeal) grants International immunity from contribution claims would "lead to inequitable apportionments of liability, contrary to *Reliable Transfer*." *AmClyde*, 511 U.S. at 214. The mere fact that another jointly and severally liable defendant has paid *less* than its fair share of the judgment does not somehow extinguish a contribution claim against that defendant. After all, the hallmark of a contribution is paying more than one owes to discharge a judgment—not necessarily every single penny.

The Court holds that International's partial payment of judgment did not immunize it from contribution liability.[5] The Court turns to the question of what constitutes International's contribution liability.

## IV.

Both parties agree that this Court may resolve the contribution claim on summary judgment because there are no material facts in dispute. *See* Fed. R. Civ. P. 56. They dispute, however, the proper method of calculating International's contribution liability. Tesla argues that International owes Tesla 25% of the new money that Tesla paid to satisfy Shell's judgment. International counters that Tesla is only entitled to amounts that Tesla paid to settle the claims in excess of Tesla's original 75% share of the judgment.

The Court disagrees with both parties. Tesla's "new money" methodology is flawed insofar as it takes no account of the money that International has already paid to Shell in partial satisfaction of the judgment. International's "original judgment" methodology is flawed insofar as it ignores that the settlement ($8,771,918.99) was for less than the original judgment ($9,041,552) and therefore awards International the unearned benefit of the settlement agreement.

---

[5] International also challenges the assignment (to Tesla) of Shell's claims against International. The viability of the causes of action assigned by Shell—as opposed to Tesla's own contribution claim—is not before the Court. Tesla only moved for summary judgment on its contribution claim. The Court does not render an advisory opinion regarding the viability of the assigned claims. *Cf. Combo Maritime*, 615 F.3d at 604 (treating the viability of assigned claims differently from the viability of the contribution claim).

9

The total value of the amount paid to release the judgment is the fairest baseline for calculating the parties' respective shares. That way the parties share in any discount Shell was willing to provide on account of appellate risk. Shell released the entire judgment in exchange for $8,771,918.99. R. Doc. No. 361-2, at 3. 25% of that amount—*i.e.*, International's share under the division of fault found by the jury—is $2,192,979.75. International has already paid Shell $244,918.99. Therefore, at present, Tesla has paid Shell $1,948,060.76 of International's share. This Court will enter summary judgment on Tesla's contribution claim against International in that amount.

V.

Accordingly,

**IT IS ORDERED** that Tesla's Rule 60 motion is **GRANTED**.

**IT IS FURTHER ORDERED** that the Tesla's motion for summary judgment on its contribution claim is **GRANTED**. The judgment will be amended to reflect that International owes Tesla $1,948,060.76 in contribution.

New Orleans, Louisiana, March 24, 2017.

_____<br>
**LANCE M. AFRICK**<br>
**UNITED STATES DISTRICT JUDGE**